UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

GROWREV MARKETING, INC.,

      Plaintiff,

v.

Case No.: 8:23-cv-01218

DR. SONJA ENTERPRISES, LLC,
and WARD DIGITAL MARKETING &
CONSULTATION, LLC.

      Defendants.
_____/

## GROWREV MARKETING, INC.'S COMPLAINT

**COMES NOW**, the Plaintiff, GROWREV MARKETING, INC. (hereinafter "GROWREV"), by and through their undersigned counsel and hereby files this Complaint for damages and injunctive relief against Defendants, DR. SONJA ENTERPRISES, LLC, (hereinafter "DR. SONJA") and WARD DIGITAL MARKETING CONSULTATION, LLC (hereinafter "WARD"), and alleges as follows:

### JURSIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists amongst all parties.

1

2. Venue is proper in this Court because the defendant, WARD, is incorporated in the State and Florida and its primary place of business is in Florida, specifically Pinellas County, Florida.

3. Defendant, DR. SONJA, is a corporate entity that is a citizen of the State of Georgia with its primary place of business in Georgia.

4. Defendant, WARD, is a corporate entity that is a citizen of the State of Florida with its primary place of business in Pinellas County, Florida.

5. Plaintiff, GROWREV, is a corporate entity incorporated under the laws of the Province of British Columbia.

## GENERAL ALLEGATIONS

6. For over ten years, GROWREV has been engaged in the business of providing digital marketing services to clients. These services range from lead generation, media creation, copywriting, digital marketing, and offering other specifically tailored ad sourced revenues to help companies market, advertise, and generate more clients and customers.

7. On April 20, 2021, DR. SONJA and GROWREV entered into an agreement whereby GROWREV would provide multiple advertisement services to DR. SONJA to help her business grow her brand awareness and garner more interaction virtually yielding more sales on her live and online courses and events. In consideration of this, DR. SONJA would pay GROWREV $7,500.00 monthly along with 10% of all Ad Spend after a $10,000.00 threshold was met each month. *A true and*

*correct copy of the agreement with DR. SONJA has been marked Exhibit "A" attached hereto and incorporated herein*.

8. Ad Spend is the cost of acquiring users using paid advertising sources. In other words, it's the amount of money a servicer's marketing team spends on digital advertising and traditional advertising campaigns.

9. As each client is uniquely tailored to their needs by GROWREV, GROWREV had certain subcontractors that would be hands on with their clients to ensure all of their needs were met and full satisfaction was achieved.

10. On March 30, 2022, GROWREV renewed an agreement with WARD to act as one of these subcontractors. WARD has been titled a "Senior Media Buyer" for GROWREV and worked for them for years. WARD acted as a consultant to GROWREV and was assigned to best assist the needs of DR. SONJA. Indeed, if DR. SONJA had inquiries or required additional ad support, WARD was in most instances her point of contact and assigned to her business by GROWREV. *A true and correct copy of the agreement with WARD has been marked Exhibit "B" attached hereto and incorporated herein*.

11. Included in DR. SONJA's agreement was a non-solicitation provision which prohibited DR. SONJA from soliciting or inducing any client, supplier, or other business relation of GROWREV to cease doing business with, or diminish its business with GROWREV, or in any way interfere with the relationship between any such client, supplier, or business relation and GROWREV.

12. Included in WARD's agreement is likewise, a non-solicitation provision which prohibited WARD from soliciting the business of any person, firm, partnership, corporation, or other entity who has in the past or who is currently doing business with GROWREV.

13. Beginning March of 2022, DR. SONJA failed to make payments to GROWREV for their services.

14. Since March of 2022, DR. SONJA has not only failed to pay the monthly premium of $7,500.00 but has also failed to compensate GROWREV for their Ad Spend which accrued from the previous month. Detailed invoices as what Ad Spend values were accruing were kept through Facebook's Ad Manager on DR. SONJA's account to which she has blocked GROWREV from receiving or viewing.

15. Around this same time, DR. SONJA removed GROWREV from her Facebook Ads Manager account, preventing GROWREV from monitoring exact ad spending amounts due to GROWREV or from further performing their contractual obligations.

16. Finally, on June, 2022, DR. SONJA indicated to GROWREV she was cancelling the contract unilaterally without compensating GROWREV for any previous months of work expended. As of the date of this filing, DR. SONJA is left due and owing GROWREV March through July of 2022's monthly premiums and February through June's Ad Spend, all of which are accruing interest.

17. As of June, 2023, the total amount due and owing by DR. SONJA is $146,711.29.

18. Additionally, in the Spring of 2022, GROWREV was informed by WARD that they had assumed the business with DR. SONJA separate and apart from GROWREV.

19. At all times material hereto, WARD and DR. SONJA are still operating together outside of the scope of GROWREV in contravention with their written agreements.

## COUNT I – BREACH OF CONTRACT AGAINST DR. SONJA

20. Plaintiff re-alleges and reaffirms paragraphs 1 through 18 as if fully set forth herein and further alleges:

21. GROWREV and DR. SONJA entered in an express written agreement.

22. DR. SONJA breached this agreement by failing to compensate GROWREV for the services that were provided as explicitly set forth in the agreement, by blocking GROWREV from receiving and accounting for all Ad Spending on DR. SONJA's Facebook account, and by soliciting the services of WARD separate and apart from GROWREV's involvement and participation.

23. As a direct result of DR. SONJA's breach, GROWREV has suffered damages.

**WHEREFORE**, Plaintiff, GROWREV MARKETING, INC., respectfully request this Court enter judgment in its favor and against DR. SONJA

ENTERPRISES, LLC, along with all reasonable attorney's fees and costs and for any further relief this Court deems just and proper.

### COUNT II – PERMANENT INJUNCTION AGAINST DR. SONJA

24. Counter-Plaintiff re-alleges and reaffirms paragraphs 1 through 18 as if fully set forth herein and further alleges:

25. GROWREV and DR. SONJA entered in an express written agreement whereby DR. SONJA was expressly prohibited from soliciting any business relation of GROWREV.

26. DR. SONJA solicited WARD by directly communicating with WARD to facilitate a business arrangement outside of the scope of GROWREV.

27. GROWREV is likely to succeed on this claim as the contract terms prohibiting this behavior is expressly stated and DR. SONJA and WARD have an ongoing and active business relationship evidencing the breach.

28. Unless DR. SONJA is permanently enjoined from further conducting business with WARD, such continued activities will result in irreparable injury to GROWREV, for which there is no adequate remedy at law as the calculable damages for loss of business through this particular client are impossible.

**WHEREFORE**, Plaintiff, GROWREV MARKETING, INC., respectfully request this Court enter judgment in its favor and against DR. SONJA ENTERPRISES, LLC, and permanently enjoin Defendant from engaging in further business with WARD along with any further relief this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT AGAINST WARD

29. Plaintiff re-alleges and reaffirms paragraphs 1 through 18 as if fully set forth herein and further alleges:

30. GROWREV and WARD entered in an express written agreement.

31. WARD breached this agreement by soliciting and engaging in business with GROWREV's client, DR. SONJA in direct contravention with the express terms of their agreement.

32. As a direct result of WARD's breach, GROWREV has suffered damages.

**WHEREFORE**, Plaintiff, GROWREV MARKETING, INC., respectfully request this Court enter judgment in its favor and against WARD DIGITAL MARKETING & CONSULTATION, LLC, along with all reasonable attorney's fees and costs and for any further relief this Court deems just and proper.

Respectfully Submitted:

BURANDT, ADAMSKI, FEICHTHALER
& SANCHEZ, PLLC
*Attorneys for Plaintiff*
1714 Cape Coral Parkway East
Cape Coral, Florida 33904
Phone: (239) 542-4733 / Fax: (239) 542-9203

BY: */s/ David W. Holley*
David W. Holley, Esq.
Florida Bar No. 125973
David@capecoralattorney.com
Service E-mail: burandtlaw@capecoralattorney.com