UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROWREV MARKETING, INC.,

    Plaintiff,

v.                                      Case No: 8:23-cv-1218-JSS

DR. SONJA ENTERPRISES, LLC and
WARD DIGITAL MARKETING &
CONSULTATION, LLC,

    Defendants.
_____/

**ORDER**

    Defendant Dr. Sonja Enterprises, LLC moves to set aside the clerk's default entered against it in this matter (Dkt. 24). (Motion, Dkt. 58.) The court held a hearing on January 4, 2024, at which all parties appeared and presented argument regarding the Motion. (Dkt. 59.) As argued by counsel at the hearing, Plaintiff opposes the Motion. (*Id.*)

    When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. Fed. R. Civ. P. 55(a). After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default). Determining "'good cause' is not

susceptible to a precise formula," and courts have considered several factors including "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, [] whether the defaulting party presents a meritorious defense[,] whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). "'Good cause' is a liberal standard—more forgiving than the 'excusable neglect' standard for setting aside a default judgment under Rule 60(b)—'but not so elastic as to be devoid of substance.'" *Alonso v. Alonso*, No. 22-10607, 2023 WL 309588, at *3 (11th Cir. Jan. 19, 2023) (citing *Compania Interamericana Exp.-Imp., S.A.*, 88 F.3d at 951 and *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)); *see also Jones*, 858 F.2d at 668–69 (affirming district court that concluded party made "a bare minimum showing" to justify relief under Rule 55(c)).

Upon consideration of Plaintiff's Motion and the argument of counsel at the hearing, the court finds good cause to set aside the clerk's default. In particular, the court finds that Dr. Sonja's failure to timely respond to the complaint was not culpable or willful, as Dr. Sonja claims that it did not receive a copy of the complaint from its registered agent until October 27, 2023. (Dkt. 58 at 4–5.) The court further finds that Dr. Sonja has presented a potentially meritorious defense in arguing that Plaintiff failed to perform under the terms of the relevant contract. (*Id.* at 6–7.) Moreover, setting aside the default and allowing all parties to proceed in this matter, including to

the upcoming mediation, would not prejudice Plaintiff. Setting aside the default is further warranted in light of the "strong preference that cases be heard on the merits" and that litigants be afforded their day in court. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (citations omitted).

Accordingly:

1. Dr. Sonja Enterprises, LLC's Motion to Set Aside Default Pursuant to Federal Rule of Civil Procedure 55(c) (Dkt. 58) is **GRANTED**.

2. The Clerk's Entry of Default (Dkt. 24) is **SET ASIDE**.

3. Dr. Sonja Enterprises, LLC must respond to the complaint (Dkt. 1) no later than January 19, 2024.

4. Plaintiff's Motion for Default Judgment Against Dr. Sonja Enterprises, LLC (Dkt. 32) is **DENIED as moot**.

5. Dr. Sonja Enterprises, LLC's Second Motion to Continue Hearing on Plaintiff's Motion for Default Judgment and for Other Relief (Dkt. 56) is granted to the extent that Dr. Sonja's Motion to Set Aside Default (Dkt. 58) is accepted as filed and is otherwise denied.

6. The parties are directed to confer and file an amended case management report no later than January 26, 2024.

**ORDERED** in Tampa, Florida, on January 5, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record